UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CATHERINE M. BRENTZEL, et ano., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:20-cv-1055-TSE-MSN |
| ) | |
| v. ) | |
| ) | |
| AIG PROPERTY CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.       INTRODUCTION**

Defendant AIG Property Casualty Insurance Company ("AIG PCC") is entitled to summary judgment because Plaintiffs Cathy M. Brentzel[1] and the Estate of Robert C. Hacker did not commence this action within the limitations periods in their homeowners' policies. The AIG PCC policies, depending on their state of issuance, provided that Plaintiffs must commence any suit against AIG PCC within either one year or two years of their claimed loss. Plaintiffs seek coverage for losses allegedly occurring between June 2015 and January 2016, and they initiated this action well after the applicable suit limitation periods had passed.

Plaintiffs filed two state court suits against AIG PCC relating to the loss claimed in this action, but did not serve either complaint and nonsuited both. However, Plaintiffs did not

---

[1] At her deposition on January 29, 2021, Ms. Brentzel advised that the case caption in her complaint misstates her name, and that her name is Cathy M. Brentzel. Ms. Brentzel's counsel indicated that corrective action would be taken at some point in the future.

commence the present action within six months of nonsuiting their second state-court suit, which under Virginia law means that the time the second state-court suit was pending is not excluded when determining whether the present action is time-barred.  *Simon v. Forer*, 265 Va. 483, 578 S.E.2d 792, 795 (2003).  With no tolling during while the second state-court suit was pending, Plaintiffs' action in this Court is untimely by more than a year.

Plaintiffs' Complaint also alleges that, pursuant to Va. Code § 38.2-314, they are entitled to exclude time "consumed in an effort to adjust the claim" in calculating the timeliness of this action.  Compl. ¶ 59(b).  This, too, is an incorrect statement of Virginia law.  As this Court has held, Va. Code § 38.2-314 provides that time Plaintiffs spent compiling and adjusting their claim is excluded only from any contractual deadline for submitting a proof of loss, but is not excluded in calculating the time by which they must file suit.

This case was brought more than five years after Plaintiffs began the move that is the basis of their insurance claim, and more than four-and-a-half years after the move was completed.  Plaintiffs tried to thwart the purpose of the policies' suit limitation clauses by filing serial state-court suits against AIG PCC that they did not serve or prosecute.  But their efforts were unsuccessful under clear and binding Virginia law.  Accordingly, the Court should grant summary judgment to AIG PCC on both counts in the Complaint.

## II.     STATEMENT OF MATERIAL UNDISPUTED FACTS

### A.     Plaintiffs' Move and Their Alleged Loss of Property

1.     This case arises out of Plaintiffs' claim that they suffered property losses when their household goods were moved from their home in Middleburg, Virginia to two homes in the District of Columbia by Fairfax Transfer & Storage, Inc. ("Fairfax Transfer").  Compl. ¶¶ 23-34; Ex. 12 at 1.

2. Plaintiffs' proof of loss asserts that the cause of their loss was "theft" and that the loss "occurred between July 2015 and January 2016." Ex. 13 at 4; Compl. ¶¶ 25-27.

3. There were a number of peculiarities with Plaintiffs' insurance claim. These included the following:

- Plaintiffs claimed to have lost over $4 million in property, but assert that only $1.1 million was insured. Ex. 7 at Prayer for Relief; Ex. 9 at Prayer for Relief; Compl. ¶ 64. With nearly $3 million in alleged losses that, by Plaintiffs' own admission, were not insured, Plaintiffs did not sue Fairfax Transfer until five years after the alleged loss. Ex. 16 at 143:20-146:5.[2]

- Other than the alleged theft of a ring and cash during one of the September 2015 deliveries of Plaintiffs' goods, no police reports have surfaced for a theft of property allegedly exceeding $4 million. Ex. 16 at 102-03.

- Plaintiffs did not submit a proof of loss until November 2017, nearly two years after all deliveries from Fairfax Transfer had been completed. Ex. 13.

- While Plaintiffs' then-counsel assured AIG PCC in May 2018 that a claim supplement was forthcoming, Plaintiffs did not provide any substantive response in the following fifteen months, at which point AIG PCC denied Plaintiffs' claim "due to lack of communication, cooperation and sufficient proof of the claimed losses." Ex. 14.

**B.     The AIG PCC Policies and Plaintiffs' Suits Against AIG PCC**

4. AIG PCC issued homeowners' policies to Ms. Brentzel or Mr. Hacker that, subject to their terms, provide insurance coverage for property losses at the Middleburg home and two homes in the District of Columbia. Exs. 1-6.[3]

5. The policies covering contents located at the Middleburg home contain the following Condition:

---

[2] This Court dismissed Plaintiffs' claims against Fairfax Transfer as time-barred. Dkt. #17, *Brentzel v. Fairfax Transfer & Storage, Inc.*, No. 1:20-cv-1076-TSE-MSN (E.D. Va. Dec. 10, 2020), *appeal docketed*, (4th Cir. Jan. 7, 2021).

[3] Because the renewal date for the policies was in July 2015, there are two homeowners' policies per residence potentially relevant to this action.

Legal Action Against Us

No action shall be brought against us unless the **insured person** has complied with this policy's provisions, nor until final judgment or agreement has set the amount of the **insured person's** legal obligation with us. ***You agree to bring any action against us within two (2) years after a loss occurs, but not until thirty (30) days after proof of loss has been filed and the amount of the loss has been determined***. . . .

Ex. 1 at AIGPCC_577;  Ex. 2 at AIGPCC_617 (emphasis added to both exhibits).

6. The policies covering contents at Plaintiffs' homes in the District of Columbia contain the following Condition:

Legal Action Against Us

No action shall be brought against us unless the **insured person** has complied with this policy's provisions and for Liability coverage, not until final judgment or agreement has set the amount of the **insured person's** legal obligation to us.

***You also agree to bring any action against us within one year after a loss occurs, but not until thirty (30) days after proof of loss has been filed and the amount of loss has been determined.***

. . . .

Ex. 3 at AIGPCC_473; Ex. 4 at AIGPCC_517; Ex. 5 at AIGPCC_665; Ex. 6 at AIGPCC_699 (emphasis added to all exhibits).

7. Plaintiffs were aware of these provisions. Ex. 14 at 2. On December 29, 2016, Plaintiffs filed a two-page complaint against AIG PCC in the Circuit Court for Loudoun County, Virginia, but did not serve it. Ex. 7. Plaintiff nonsuited this action and an order of nonsuit was entered by the court on November 17, 2017. Ex. 8.

8. A little less than six months later, Plaintiffs filed another suit against AIG PCC with respect to the same alleged loss on May 10, 2018, again in the Circuit Court for Loudoun County, Virginia. Ex. 9. Once again, Plaintiffs elected not to serve their complaint on AIG

PCC. Ex. 10 at ¶ 6. On **February 7, 2020**, the state court granted Plaintiffs' motion for entry of a second order of nonsuit. Ex. 11.

9. Plaintiffs did not bring the present action within six months of the entry of an order of nonsuit for their second state-court action against AIG PCC. Plaintiffs brought this action on **September 9, 2020**, more than seven months after entry of the order of nonsuit. Dkt. #1.

## III. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. It is settled that "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On the other hand, a genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party opposing summary judgment may not rest upon mere allegations and denials, and must instead "set forth specific facts showing that there is a genuine issue for trial." *Id.* And "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252. "In other words, to survive summary judgment on an issue, the non-moving party, with the burden of proof on that issue, must submit competent record evidence sufficient to carry the non-moving party's burden on that issue and allow a reasonable jury to find for the non-moving party." *Ali v. City of Fairfax*, No. 1:14-cv-1143, 2015 WL 1487129, at

\*3 (E.D. Va. Mar. 30, 2015); *see also Anderson*, 477 U.S. at 252. AIG PCC is entitled to summary judgment because the undisputed facts show that Plaintiffs did not file the present action within the suit limitation periods set forth in the AIG PCC policies.

    **B.**    **AIG PCC Is Entitled to Summary Judgment Because Plaintiffs Did Not Comply With the Suit Limitation Clauses in the AIG PCC Policies**

        **1.**    **The Policies' Suit Limitation Clauses Are Enforceable**

Contractual suit limitation periods are enforceable in Virginia "if the contractual provision is not against public policy and if the agreed time is not unreasonably short." *Bd. of Supervisors v. Sampson*, 235 Va. 516, 369 S.E.2d 178, 180 (1988); *see also Belrose v. Hartford Life & Acc. Ins. Co.*, 478 F. App'x 21, 24 (4th Cir. 2012) ("The Supreme Court of Virginia has 'upheld contractual statutes of limitations for periods shorter than that fixed by statute when they were not against public policy and the time period was not unreasonably short.'" (quoting *Bd. of Supervisors of Fairfax Cnty. v. Sentry Ins.*, 239 Va. 622, 391 S.E.2d 273, 275 (1990))); *Koonan v. Blue Cross & Blue Shield of Va.*, 802 F. Supp. 1424, 1425 (E.D. Va. 1992) (citing *Va. Fire & Marine Ins. Co. v. Wells*, 83 Va. 736, 3 S.E. 349, 350 (1887)). Indeed, "[s]uch reduced time limits often have been sustained in insurance." *Sampson*, 235 Va. 516, 369 S.E.2d at 180.

"Virginia's legislature has expressed its intent with regard to the limitation of actions derived from insurance policies by its enactment of Section 38.2-314 of the Virginia Code." *Belrose*, 478 F. App'x at 24. Virginia Code § 38.2-314 "sets the minimum limitations period allowed in Virginia for filing suit on an insurance contract at one year." *Mirabile v. Life Ins. Co. of N. Am.*, 293 F. App'x 213, 215 (4th Cir. 2008); *see also Ramsey v. Home Ins. Co.*, 203 Va. 502, 125 S.E.2d 201, 202 (1962) (purpose of predecessor to § 38.2-314 is "to provide a limitation upon the minimum time for bringing suit" to one year). Specifically, § 38.2-314 provides as follows:

> **Limitation of action and proof of loss.**
>
> No provision in any insurance policy shall be valid if it limits the time within which an action may be brought to less than one year after the loss occurs or the cause of action accrues.
>
> If an insurance policy requires a proof of loss, damage or liability to be filed within a specified time, all time consumed in an effort to adjust the claim shall not be considered part of such time.

Va. Code § 38.2-314.

The AIG PCC policies covering Plaintiffs' Middleburg address provide as a condition that Ms. Brentzel must bring any suit against AIG PCC "within two (2) years after a loss occurs." Statement of Facts ("SoF") ¶ 5. Because the suit limitation term in the AIG PCC policies covering the Middleburg address exceeds the one year required under Virginia law, the limitations period is enforceable.

With respect to the AIG PCC policies covering property at the District of Columbia addresses, these policies require any suit against AIG PCC to be filed "within one year after a loss occurs." SoF ¶ 6. Under District of Columbia law, "[u]nambiguous suit limitation provisions included in insurance policies are consistently enforced." *Azoroh v. Auto. Ins. Co. of Hartford, CT*, 200 F. Supp. 3d 127, 130 (D.D.C. 2016); *Martinez v. Hartford Cas. Ins. Co.*, 429 F. Supp. 2d 52, 56 (D.D.C. 2006) ("Contractual provisions limiting the period within which insurance policy-holders may validly initiate a lawsuit are generally enforceable under District of Columbia law."); *Emersons, Ltd. v. Max Wolman Co.*, 388 F. Supp. 729, 731-32 (D.D.C. 1975); *Bailey v. Greenberg*, 516 A.2d 934, 938-40 (D.C. 1986); *Centennial Ins. v. Dowd's, Inc.*, 306 A.2d 648, 650-51 (D.C.1973); *Kron v. Young & Simon, Inc.*, 265 A.2d 293, 294-95 (D.C. 1970) (upholding policy's one-year limitations period); *Roumel v. Niagara Fire Ins. Co.*, 225 A.2d 658, 660 (D.C. 1967). Moreover, even if Va. Code § 38.2-314 applied to policies insuring property

located in the District of Columbia, the one-year suit limitations period in the D.C. policies fully meets the requirement set forth in § 38.2-314. *See Koonan*, 802 F. Supp. at 1425 ("This Court is aware of no public policy of the United States or Virginia which would prevent enforcement of a one year contractual limitation period.").

### 2. Plaintiffs Filed This Action Outside the Applicable Suit Limitation Periods

Plaintiffs assert that their losses occurred between June 2015 and January 2016. SoF ¶ 2. Giving Plaintiffs the benefit of the doubt for purposes of summary judgment, and treating the alleged losses as having all occurred on January 31, 2016, the relevant dates are as follows:

**Time Between Relevant Events**

| Time Period | Duration |
| --- | --- |
| Date of alleged loss (1/31/16) to commencement of first state-court suit (12/29/16) | 10 months, 29 days |
| Commencement of first state-court suit (12/29/16) to order non-suiting first state-court suit (11/17/17) | 11 months, 19 days |
| Order nonsuiting first state-court action (11/17/17) to commencement of second state-court action (5/10/18) | 5 months, 23 days |
| Commencement of second-state court suit (5/10/18) to order nonsuiting second state-court suit (2/7/20) | 1 year, 8 months, 28 days |
| Order nonsuiting second state-court suit (2/7/20) to filing of present action (9/9/20) | 7 months, 2 days |
| **Total Time From Date of Loss to Filing of Present Action** | **4 years, 7 months, 9 days** |

As the chart above shows, the time between the last date on which Plaintiffs allege a loss occurred and the filing of this lawsuit is well in excess of the suit limitation periods to which Plaintiffs agreed. Plaintiffs attempted to stop the clock from running on the suit limitations periods by filing two state-court suits that they did not serve or prosecute, and then nonsuiting those suits. As explained below, those efforts were ineffective under binding precedent.

Plaintiffs also assert in their Complaint that Virginia Code § 38.2-314 entitles them to exclude from the contractual suit limitation periods "all time consumed in an effort to adjust the claim." Compl. ¶ 59(a) (quoting Va. Code § 38.2-314). Plaintiffs position on this issue is also incorrect under applicable law.

With respect to the tolling of limitations periods for nonsuited actions, Virginia Code § 8.01-229(E)(3) provides as follows:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, regardless of whether the statute of limitations is statutory or contractual, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

*Id.*

In *Simon v. Forer*, 265 Va. 483, 578 S.E.2d 792, 795 (2003), the Supreme Court of Virginia explained the options available to a plaintiff after a nonsuit:

> Subsection (E)(3) provides that, when a plaintiff suffers a nonsuit, that plaintiff, unlike a plaintiff coming within the scope of subsection (E)(1), has three possible time periods in which to renew the nonsuited action: (1) within six months of the date of the nonsuit order; (2) within the "original period of limitation;" or (3) within the period provided in subsection (B)(1).

*Id.*[4] The court made clear, however, that the tolling provision in Section 8.01-229(E)(3) applies ***only if the plaintiff recommences suit within six months after entry of the order of nonsuit***. *Id.*

---

[4] Va. Code § 8.01-229(B)(1) applies only when a person dies *before* he has filed suit. Robert Hacker was alive and was a plaintiff at the commencement of both state-court actions. *See* Ex. 10 at ¶ 3 (Plaintiffs' representation that Mr. Hacker died on November 9, 2018).

If the plaintiff recommences suit more than six months after the order of nonsuit, the time the nonsuited action remained pending is *not excluded* when calculating whether the plaintiff's suit is time-barred. As the Court explained:

> Consequently, we conclude that the subsection (E)(3) tolling provision must be read in conjunction only with the option to renew the nonsuited action within six months of the date of the nonsuit order. By constructing subsection (E)(3) in this manner, the General Assembly has provided a window of six months during which a nonsuited action can be recommenced even if it was originally filed on the last day of the applicable statute of limitations. ***However, when a plaintiff, such as Simon, suffers a nonsuit and does not renew the action within the allotted six months, the "original period of limitation" is not tolled***.

*Simon*, 265 Va. 483, 578 S.E.2d at 795 (emphasis added); *see also id.* at 490, 578 S.E.2d at 795-96 ("However, in subsection (E)(3), which specifically applies to an action that has been nonsuited, the General Assembly used the term 'original period of limitation' to describe one of the possible periods during which a plaintiff may renew a nonsuited action. We construe the term 'original period of limitation' to mean the original statute of limitations ***without any tolling of that statute while a nonsuited action is pending***." (emphasis added)).[5]

Thus, in *Simon*, the plaintiff's medical malpractice suit was time-barred where she nonsuited her first suit and then filed a second suit nine months later. Because Simon had not filed a second suit within six months of the order of nonsuit, neither the twelve months that the

---

[5] *See also* Va. Code § 8.01-229 Revisor's Note ("Subsection E 3 qualifies the application of subsection E 1, and requires a plaintiff who takes a nonsuit to renew his suit within six months or the running of the statute of limitations will not be affected by the commencement of the original action." (cited in *Simon*, 265 Va. at 490, 578 S.E.2d at 796)); *Ticonderoga Farms Inc. v. Bd. of Supervisors*, 72 Va. Cir. 365, 2006 WL 3751426, at *2 (Va. Cir. Ct. Dec. 21, 2006) ("Other than by order of nonsuit, where a timely filed action abates or is dismissed without a determination on the merits, the period the action is pending is not computed as part of the period within which the action is to be brought. Va. Code Ann. § 8.01-229(E)(1). Contrariwise, where an action is terminated by nonsuit, the period the action is pending is computed as part of the

first suit was pending nor the nine months she took to recommence the suit was excluded when calculating whether her suit was timely. *Id.* at 491, 578 S.E.2d at 796.

The Virginia Supreme Court's decision in *Simon* controls the result here. Under *Simon*, Plaintiffs' suit limitation periods were not tolled during the pendency of Plaintiff's second state-court action, as Plaintiffs did not recommence their suit within six months after nonsuiting that action. Accordingly, even after excluding the period when the *first* state-court action was pending (and the time between the nonsuit of that action and recommencement of the second state-court suit),[6] the present action is untimely by more than a full year under the Virginia policies and more than two years under the District of Columbia policies:

**Time Not Excluded for Suit Limitations Purposes**

| Time Period | Duration |
| --- | --- |
| Date of alleged loss (1/31/16) to commencement of first state-court suit (12/29/16) | 10 months, 29 days |
| Commencement of second-state court suit (5/10/18) to order nonsuiting second state-court suit (2/7/20) | 1 year, 8 months, 28 days |
| Order nonsuiting second state-court suit (2/7/20) to filing of present action (9/9/20) | 7 months, 2 days |
| **Total Time Running Against Suit Limitations Periods** | **3 years, 2 months, 29 days** |

Plaintiffs' failure to file this action within six months of the order of nonsuit for the second state-court suit is thus fatal to Plaintiffs' claims in this action.

---

period within which the action may be brought, unless the plaintiff renews the action within six months of the date of the order of nonsuit.").

[6] It is not clear that the approximately six months from nonsuit of the first state-court suit to the filing of the second state-court suit is properly excluded. This issue need not be resolved, and AIG PCC has not included it in its calculations, as Plaintiffs' suit is clearly untimely even if this period is excluded from the calculation.

-11-

As noted above, Plaintiffs also argue in their Complaint that the second paragraph of Va. Code § 38.2-314 excludes from the limitations periods any time spent by Plaintiffs adjusting their loss. That is not what § 38.2-314 says. The language of the statute is as follows:

> No provision in any insurance policy shall be valid if it limits the time within which an action may be brought to less than one year after the loss occurs or the cause of action accrues.
>
> If an insurance policy requires a proof of loss, damage or liability to be filed *within a specified time*, all time consumed in an effort to adjust the claim shall not be considered part of *such time*.

*Id.* (emphasis added).

This Court has previously rejected the same argument advanced by Plaintiffs here:

> ***The language of § 38.2-314 clearly applies to the proof of loss deadline and not the limitations period in which a claim must be filed***. . . . If a party is required to file a proof of loss within a *specified time* (*i.e.*, within 60 days of the loss), any time spent adjusting the claim does not count against *such time* (*i.e.*, the 60 days). It is plain from the language of the statute that "such time" refers back to the "specified time" in which a proof of loss must be filed.

*Swiacki v. State Farm Fire & Cas. Co.*, No. 1:09-cv-647, 2009 WL 10688150, at *2 (E.D. Va. July 10, 2009) (first emphasis added); *see also Ramsey*, 203 Va. 502, 125 S.E.2d at 202-04 (construing predecessor to § 38.2-314 and holding that suit limitation clause requiring suit within one year of loss is enforceable as written, even though policy also provided that insurer had 60 days after submission of proof of loss to make payment). Thus, Plaintiffs' two-year delay in submitting their proof of loss did not toll the running of their suit limitations periods, and entry of summary judgment is required.

### C. AIG PCC Is Entitled to Summary Judgment On Plaintiffs' "Bad Faith" Claim

Plaintiffs have asserted a stand-alone "bad faith" claim as Count II in their Complaint. There is no tort of "bad faith" under Virginia law. *A&E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 676 (4th Cir. 1986). "There is, however, a statute-based remedy allowing a court to award attorney's fees and costs if the insurer denies a claim in bad faith." *Mass. Bay Ins. Co. v. Decker*, 7:11-cv-342, 2012 WL 43614, at *1-2 (W.D. Va. Jan. 9, 2012) (citing Va. Code § 38.2-209(A)).

Virginia Code § 38.2-209(A) does not create an independent cause of action. *State Farm Fire & Cas. Co. v. Luong*, No. 2:17-cv-248, 2017 WL 11509350, at *5 (E.D. Va. Dec. 15, 2017) (citing *REVI, LLC v. Chicago Title Ins. Co.*, 776 S.E.2d 808, 813 (Va. 2015)). "Rather, it is a function of damages that allows the court to award the insured's fees and costs if it finds that 'the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy.'" *Saint John's African Methodist Episcopal Church v. GuideOne Spec. Mut. Ins. Co.*, 902 F. Supp. 2d 783, 786 (E.D. Va. 2012) (quoting Va. Code § 38.2-209(A)); *see also Mazaiwana v. Progressive N. Ins. Co.*, No. 3:19-cv-444, 2020 WL 1482592, at *2 n.3 (E.D. Va. Mar. 27, 2020); *Evans v. GEICO Gen. Ins. Co.*, No. 3:14-cv-659, 2015 WL 137269, at *8 (E.D. Va. Jan. 9, 2015).

"Thus, judgment against the insurer on a substantive claim is a prerequisite to recovery of attorneys' fees and costs under § 38.2-209." *Saint John's*, 902 F. Supp. 2d at 786 (collecting cases); *see also Tiger Fibers, LLC v. Aspen Spec. Ins. Co.*, 594 F. Supp. 2d 630, 655 (E.D. Va. 2009) ("A claim under § 38.2-209 may not therefore be brought as a separate cause of action as Plaintiffs have asserted in Count II, but only as a source of recovery of costs and attorney's fees once a judgment is entered against the insurer."); *Wilson v. State Farm Fire & Cas. Co.*, 79 Va.

Cir. 591, 2009 WL 7416543, at *3 (2009) (collecting cases) ("[A] judgment must be entered against an insurer before an insured may bring a claim for bad faith under § 38.2-209.").

AIG PCC is entitled to summary judgment on Plaintiffs' bad-faith claim for two reasons. First, as the above-cited authorities demonstrate, an independent claim of "bad faith" is nonexistent under Virginia law. The same is true under District of Columbia law. *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1087-88 (D.C. 2008); *Fireman's Fund Ins. Co. v. CTIA*, 480 F. Supp. 2d 7, 9-10 (D.D.C. 2008) (collecting cases). Second, because there is no independent tort of bad faith handling of an insurance claim, AIG PCC's entitlement to summary judgment on Plaintiffs' breach of contract claim precludes an award of attorney's fees and costs under Va. Code § 38.2-209(A). *Saint John's*, 902 F. Supp. 2d at 786 (collecting cases)

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant summary judgment in favor of AIG PCC.

Respectfully submitted,

/s/   John F. O'Connor

John F. O'Connor
Virginia Bar No. 93004
Roger E. Warin (*pro hac vice* motion to be filed)
Brett Grindrod (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Ph (202) 429-3000
Fax (202) 429-3902

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2021, I caused the foregoing to be filed in the Court's CM/ECF system, which automatically serves the foregoing on the following counsel of record:

    James R. Tate, Esq.
    TATE BYWATER
    2740 Chain Bridge Road
    Vienna, VA 22181

    */s/  John F. O'Connor*
    _____
    John F. O'Connor
    Va. Bar No. 93004
    STEPTOE & JOHNSON LLP
    1330 Connecticut Avenue, N.W.
    Washington, D.C. 20036
    Ph (202) 429-3000
    Fax (202) 429-3902