UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CATHERINE M. BRENTZEL, et ano., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:20-cv-1055-TSE-MSN |
| ) | |
| v. ) | |
| ) | |
| AIG PROPERTY CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO EXTEND TIME FOR DISCOVERY**

**I.     INTRODUCTION**

Defendant's motion to extend the discovery deadline is not accompanied by a supporting memorandum as required by Local Rule 7(F).  Nor does Plaintiffs' motion note that the parties conferred on this motion and Defendant opposes the relief requested.  In any event, Plaintiffs' motion should be denied for at least three reasons.  *First*, the parties had plenty of time to complete the discovery needed for this case.  *Second*, Plaintiffs have long known about the discovery for which they now desire an extension, but never pursued it.  *Third*, extending discovery would prejudice Defendant's efforts to bring to a close this over-stale dispute about an alleged property loss taking place nearly six years ago.

**II.    ANALYSIS**

This is a case in which Plaintiffs seek insurance coverage and bad-faith damages for the alleged theft or thefts of personal property between June 2015 and January 2016.  After filing two state-court suits against Defendant that they never served or prosecuted, and eventually

nonsuited, Plaintiffs filed this action on September 9, 2020.  Dkt. #1.  The Court issued the initial scheduling order in this case on October 8, 2020.  Dkt. #10.  That order set a discovery deadline of February 19, 2020 and advised that "[d]iscovery may begin upon receipt of this order."  *Id.*  Thus, the parties had nearly 4½ months to complete discovery.  During that time, Plaintiffs took only three depositions: (1) a Rule 30(b)(6) deposition of Defendant; (2) a deposition of an AON broker who assisted Plaintiffs in procuring their insurance policies; and (3) Greg Hastings, a former employee of Enservio, a vendor that had compiled a list of items Ms. Brentzel claimed were stolen and had provided a receipt.

Plaintiffs' motion seeks an additional sixty days of discovery to take a Rule 30(b)(6) deposition of Fairfax Transfer & Storage, Inc. ("Fairfax Transfer"), the company that had moved Plaintiffs' household goods in 2015, and to seek discovery from Enservio.  Plaintiffs have known about both entities for years.  But Plaintiffs made no effort whatsoever to take discovery from either entity during the discovery period.

Fairfax Transfer is the entity ***Plaintiffs*** retained to move their goods in 2015.  Plaintiffs claim more than $1,000,000 in good were lost or stolen in connection with this move.  Plaintiffs even sued Fairfax Transfer is an action they marked as related to this action, which the Court dismissed as time-barred.  *See* Dkt. #17, *Brentzel v. Fairfax Transfer & Storage, Inc.*, No. 1:20-cv-1076-TSE-MSN (E.D. Va. Dec. 10, 2020), *appeal docketed*, (4th Cir. Jan. 7, 2021).  ***There was nothing to stop Plaintiffs from serving a subpoena on Fairfax Transfer during the discovery period to obtain a Rule 30(b)(6) deposition in this case***.  But Plaintiffs never did that, and now assert that a desire to take a Rule 30(b)(6) deposition that they could have taken any time in the last four months is a reason to extend the discovery deadline.

Similarly, when Plaintiffs expressed a desire to depose Greg Hastings, Defendant's counsel as a courtesy tried to contact Mr. Hastings to determine whether he would allow Defendant's counsel to accept service of a subpoena on his behalf. During those efforts, Defendant's counsel learned from Enservio on January 29, 2021 that Mr. Hastings no longer worked there. Defendant's counsel informed Plaintiffs' counsel of this fact the next business day – February 1, 2021.[1] Knowing that Mr. Hastings no longer worked at Enservio a full eighteen days before discovery closed, Plaintiffs took no action to serve a subpoena on Enservio. Plaintiffs' counsel simply provided Defendant's counsel a subpoena directed to Mr. Hastings in full knowledge that Mr. Hastings was no longer employee by Enservio.

Thus, Plaintiffs had plenty of time to take discovery in this action. They made no effort whatsoever to serve subpoenas on Fairfax Transfer or Enservio during the discovery period, even though Plaintiffs knew of their role in connection with this matter long before they instituted this action. Plaintiffs' failure to timely take and complete the discovery Plaintiffs now wants is entirely due to Plaintiffs' own lack of diligence.

Plaintiffs assert without explanation that they do not believe a sixty-day discovery extension would affect the trial date for this action. Even if this were so, it misses the true prejudice to Defendant from the requested extension. This case is stale. It involves an alleged loss of property from nearly six years ago. On February 18, 2021, Defendant filed a motion for summary judgment on the grounds that this case is time-barred. The discovery sought by Plaintiffs has no bearing on Defendant's pending summary judgment motion, but it could delay consideration of the motion. Moreover, it would multiply the expenses incurred by Defendant in litigating this case, when, in Defendant's view, Plaintiffs' suit is plainly time-barred.

---

[1] Eventually, Defendant's counsel reached Mr. Hastings and agreed to accept a subpoena on Mr. Hastings' behalf. That subpoena was addressed to Mr. Hastings, not to Enservio.

3

Defendant did not choose the forum for this suit; that was Plaintiffs' choice. Having elected to file their third lawsuit regarding this alleged loss in this Court, Plaintiffs had an obligation to conduct the litigation within the reasonable timeline set by the Court in its scheduling order. Plaintiffs' eleventh-hour plea for another two months for discovery, with a summary judgment motion pending, in order to take discovery from entities Plaintiffs have long known about, appears more an effort to put off the resolution of this case than an unavoidable need for more time for discovery.

### III.  CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion.

Respectfully submitted,

/s/  John F. O'Connor
_____

John F. O'Connor
Virginia Bar No. 93004
Roger E. Warin (pro hac vice motion to be filed)
Brett Grindrod (admitted pro hac vice)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Ph (202) 429-3000
Fax (202) 429-3902

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2021, I caused the foregoing to be filed in the Court's CM/ECF system, which automatically serves the foregoing on the following counsel of record:

>James R. Tate, Esq.
>TATE BYWATER
>2740 Chain Bridge Road
>Vienna, VA 22181

>/s/ John F. O'Connor
>_____
>John F. O'Connor
>Va. Bar No. 93004
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, N.W.
>Washington, D.C. 20036
>Ph (202) 429-3000
>Fax (202) 429-3902